[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is plaintiff's post judgment motion for counsel fees to defend an appeal. The plaintiff and the defendant were married on June 30, 1963. The marriage was dissolved on April 13, 1983 and the trial court incorporated the Separation Agreement into the dissolution decree.
There have been many post judgment motions concerning the terms of the agreement including the provision dealing with the division of pension and retirement benefits.
After a hearing, Judge Kenefick signed an order coded #234 and dated August 20, 1998 concerning the pension and retirement benefits. The defendant has appealed that order and the plaintiff has requested an award of counsel fees to defend against that CT Page 323 appeal.
Connecticut General Statutes § 46b-62 allows the trial court to award attorneys fees in any family relations matter in accordance with the criteria set forth in § 46b-82 and the respective financial abilities of the parties. Post trial award of attorneys fees to defend an appeal is allowable Friendlanderv. Friendlandler, 191 Conn. 81.
This is a Family Relations matter. The judgment, which included the pension provision, was entered in 1983 and the order concerning the division of the pension was entered on 1977. The evidence at trial indicates that the defendant was evasive around disclosing his financial status, that he has in excess of one million dollars in liquid assets and continues to earn an annual income of approximately $210,000.00. The plaintiff recently inherited some money but this will be significantly diminished after distribution among the beneficiaries and monies used for the administration of the estate. Additionally, the plaintiff is unemployed.
That a party has sufficient funds to pay the attorney does not preclude an award for counsel fees. Angoni v. Angoni,184 Conn. 513. The availability of funds with which to pay the attorney's fees is not an absolute standard for denying the award. Anderson v. Anderson, 191 Conn. 46.
The defendant argues that the plaintiff has inherited some funds but the evidence is not conclusive as to whether those funds and or how much would be available to defend against the appeal.
Whether to allow counsel fees and in what amounts is left to the exercise of judicial discretion . . . Lopiano v. Lopiano,247 Conn. 356 (1998). The court has considered the evidence C.G.S. § 46b-62 and § 46b-82 and it is ordered:
That the defendant shall pay directly to the Law Firm of Horton, Shield and Comier, P.C. the sum of seven thousand five hundred dollars ($7,500.00) by February 15, 1999 for the benefit of the plaintiff towards the cost to defend the appeal.
Crawford, J. CT Page 324